McKinney, J.
delivered the opinion of the court.
This is an action of assumpsit brought in the commercial court of Memphis, by the defendant ■ in error, against Austin Miller, Henry Payne, A. J. Dunn, and the administrator of Samuel G. Dunn, deceased, as part owners of the steamboat “Lady of Lyons,” to recover money alleged to have been paid, laid out and expended to and for their use.
From the bill of exceptions it appears, that on the 7th day of November, 1843, Lewis and McCauley instituted a proceeding in the court of common pleas, St. Louis, Missouri, “fór a demand against said steamboat,” of which boat, said Henry Payne was then master and. part owner. By virtue of this proceeding the boat was *471 seized, pursuant to the law of Missouri, in such cases; and, in order to procure the release thereof, said Payne, with the defendant in error as surety, entered into bond to the plaintiffs, in double the amount of the demand, conditioned to “satisfy the amount which shall be adjudged to be due and owing to the said plaintiffs, on the determination of said suit, together with all costs.”
The démand set up against said boat, for which said suit was instituted, was for the damage of certain goods, wares, and merchandize, belonging to said plaintiffs, shipped on board said boat from New Orleans to St. Louis.
At the February term, 1847, of said court, the plaintiffs recovered judgment against Payne as principal, and Hill as surety in said bond, for one hundred and seventy-nine dollars damages, and also for costs and charges in said suit. And judgment was also rendered, that said steamboat, together with her tackle, apparel and furniture, be sold by the sheriff to pay and satisfy the foregoing recovery.
Under these circumstances, the defendant in error paid and satisfied said judgment for damages and costs; to recover the amount of which, this suit was brought against the defendants as part owners of said boat, who are citizens of Tennessee.
On the trial, the jury found a verdict in favor of the plaintiff, and assessed his damages at two hundred and sixty-one dollars and forty-nine cents, for which judgment was rendered. The court refused to grant a new trial; and the defendants, Austin Miller, and the administrator of Samuel G. Dunn, prosecuted an appeal in error to this court, the other defendants not joining therein.
*472 The bill of exceptions shows, that on the trial of the cause, the plaintiff produced and offered to read to the jury, a copy of the “enrolment” of said steamboat, at the port of New Orleans, on the 26th day of May, 1843, pursuant to the act of Congress. Said enrolment purports to have been made upon the oath of Andrew J. Dunn, who represented, as is stated therein, that he, together with Henry Payne, Anderson Walker & Co., Bills & McNeal, and Austin Miller, were sole owners of said boat; to the admission of said enrolment, the present plaintiffs in error objected, but the objection was overruled, and the evidence permitted to go to the jury. The jury were likewise instructed by the court, that, to determine whether or not the. defendants in the action were part owners of the steamboat, “they would look to the copy of the enrolment of said boat which was read to them, as well as to the other evidence.”
In this instruction, the court erred. The act of Congress requiring the enrolment or registry of ships, for purposes of public policy, introduces no new rule of evidence in suits between third persons and the part owners of a ship or other vessel. The enrolment, or registry of a ship, does not- belong to the class of public or official registers, which, in some cases, are themselves evidence; and there is no principle upon which it is admissible, as evidence of property, either in favor of, or against persons named therein as part owners, who were not instrumental in procuring it to be made, and who have neither authorized nor assented to it. In Collyer on Partnership, sec. 1235, (Perkins’ ed.) it is laid down as “settled, by the American authorities, that the register of a ship is not of itself evidence of property, unless it be confirmed by some auxiliary circumstance *473 to ' show that it was made by the authority or assent of the persons named in it, and who are sought to be charged as owners. Without such connecting proof, the register has been held not to be even prima facie evidence to charge such persons as owners; and, even with such proof, it is not conclusive.” See authorities cited in note 2.
The representation at the custom house, upon which the ship was registered, though made in good faith, may have been under a misapprehension of the facts in respect to the ownership; or by subsequent transfers, the property in the ship may have passed, in whole or part, from the owners, at the time of the enrolment, to other and different persons.
A question was made, in the argument, whether, upon the declaration as framed in this case, the plaintiff was entitled to recover. We think, that, upon the facts presented in this record, the count for money paid &c., is appropriate, and that a recovery may well be had upon it.
Judgment reversed.